IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00893-BNB

MARJORIE A. CREAMER,

     Plaintiff,

v.

SMITH CENTER, KS POLICE DEPARTMENT, et al.,
SMITH COUNTY KS SHERIFF DEPARTMENT, et al.,
SMITH COUNTY KS ATTORNEY SHELTON,
KS GENERAL ATTORNEY OFFICE, and
TOPEKA KS – PER SE LETTERS (2),

     Defendants.



FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY – 8 2007

GREGORY C. LANGHAM
CLERK

---

## ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

     Plaintiff, Marjorie A. Creamer, initiated this action by filing *pro se* a complaint.
On May 4, 2007, Ms. Creamer filed an amended complaint. The court must construe
the amended complaint liberally because Ms. Creamer is representing herself. *See
Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110
(10th Cir. 1991). For the reasons stated below, Ms. Creamer will be ordered to file a
second amended complaint.

     The court has reviewed the amended complaint filed by Ms. Creamer and has
determined that the pleading is deficient. First, it is not clear who the parties in this
action are because Ms. Creamer's amended complaint does not include a caption page
clearly listing all of the parties to this action. In addition, Ms. Creamer lumps a number
of Defendants together on a single line on page two of the amended complaint in the

Dockets.Justia.com

section of the pleading form designated to describe and provide an address for each party. Ms. Creamer must clarify the parties to this action in the second amended complaint she will be ordered to file. In order to do so, she must list each Defendant on a separate line in the caption of the second amended complaint. In addition to clarifying who the Defendants are, Ms. Creamer must provide a complete address for each Defendant so that all of the Defendants may be served.

The amended complaint also fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a pleading are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

2

Ms. Creamer fails to set forth a short and plain statement of the grounds on which the court's jurisdiction depends. She fails to identify the statutory authority that allows this court to consider the claims she is asserting in this action. Ms. Creamer also fails to set forth a short and plain statement of her claims showing that she is entitled to relief. Simply put, it is not clear why Ms. Creamer is suing the named Defendants in this court in this action. Ms. Creamer must submit a pleading that complies with the pleading requirements of Rule 8 if she wishes to pursue her claims in this action. Accordingly, it is

ORDERED that Ms. Creamer file, **within thirty (30) days from the date of this order**, an amended complaint that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Ms. Creamer, together with a copy of this order, two copies of the following form: Complaint. It is

FURTHER ORDERED that, if Ms. Creamer fails within the time allowed to file an amended complaint that complies with this order to the court's satisfaction, the complaint and the action will be dismissed without further notice.

DATED May 8, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 07-cv-00893-BNB

Marjorie A. Creamer
PO Box 514
Hays, KS 67601

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Complaint form** to the above-named individuals on 5/8/07

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk